**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **WISAM I. OTTALLAH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-5183** |
| **STATE FARM FIRE AND CASUALTY COMPANY** | **SECTION C(2)** |

**ORDER AND REASONS**[1]

Before the Court is a Motion for Summary Judgment filed by Defendant, State Farm Fire and Casualty Company ("State Farm"), a Write-Your-Own ("WYO") Program carrier participating in the National Flood Insurance Program ("NFIP") in a fiduciary capacity as a fiscal agent of the United States, to dismiss the lawsuit filed by Plaintiff, Wisam I. Ottallah ("Ottallah"). (Rec. Doc. 16). Ottallah opposes State Farm's motion. The motion is before the Court without oral argument. Having considered the memoranda of counsel, the record, and the applicable law, the Court finds that summary judgment is appropriate for the following reasons.

I. BACKGROUND

On or about August 29, 2005, Ottallah's property, located at 3951 Haddon Street in Metairie, Louisiana, sustained damages from the wind, rain and flooding during Hurricane Katrina. (Rec. Doc. 16-2, p. 5). At that time, Ottallah's property was insured by State Farm as a WYO carrier, under a Standard Flood Insurance Policy ("SFIP") No. 98-RR-4494-7 regulated by

[1] Aaron A. Reuter, a second-year law student at Tulane University Law School, assisted in the research and preparation of this decision.

the Federal Emergency Management Agency ("FEMA") and the National Flood Insurance Act of 1967 ("NFIA"), 42 U.S.C. § 4001-4129, with policy limits of $138,400.00 for building structure and $32,700.00 for contents. *Id.* Ottallah contacted State Farm, which then sent an adjustor to inspect the property. *Id.* On November 2, 2005, State Farm issued payment in the amount of $82,913.38 for building and $32,700.00 for contents. *Id.* Ottallah asserts that the payment for building coverage was inadequate for the amount of damage that he believed his property had sustained. (Rec. Doc. 17, p. 3). In the spring of 2006, Ottallah retained a public adjusting company, Gulf Coast Claim Recovery, Inc. ("GCCR"), to assist with his claim against State Farm. *Id.* On September 6, 2006, State Farm mailed a letter to Ottallah acknowledging receipt of Ottallah's Sworn Statement in Proof of Loss[2] ("POL"), but accepting it in form only, not "accept[ing] or agree[ing] with the amount claimed for building or contents damages." (Rec. Doc. 17-2, Ex. 1). Additionally, the September 6, 2006 letter stated that the POL was received by State Farm on August 6, 2006. *Id.* The POL, however, was faxed on August 29, 2006, and stamped as "Received" on August 30, 2006. (Rec. Doc. 17-2, Ex. 2, p. 1). Moreover, the cover letter attached to the POL from GCCR was dated August 29, 2006, and also was stamped as "Received" on August 30, 2006. *Id.* at p. 2. The record further shows that these two pages were the only documents submitted at that time by Ottallah and GCCR in connection with the filing of

[2] POLs are documents required to contest a WYO carrier's loss determination under NFIP guidelines. 44 C.F.R. § 61, app. A(1), art. VII(J) (2006). Art. VII(J) lays out specific requirements that must be met in order for a POL to be considered sufficient. On August 31, 2005, Daniel Maurstad, the Acting Federal Insurance Administrator for the Federal Emergency Management Agency ("FEMA"), issued a letter waiving the specific POL requirements in Art. VII(J), so long as the insured agreed with the WYO carrier's loss determination. (Rec. Doc. 16-10, p. 2). On the contrary, should the insured disagree with the WYO carrier's loss determination, the insured was still required to submit a POL that comported with the requirements of Art. VII(J) within one year from the date of the loss. *Id.*

Ottallah's POL. A flood repair estimate was submitted to State Farm by GCCR on January 10, 2008, and repair receipts were submitted on May 16, 2008. (Rec. Doc. 16-2, p.6).

State Farm argues that Ottallah's failure to strictly comply with the requirements of Art. VII(J) preclude recovery in the instant matter. (Rec. Doc. 16-2, p. 3). Specifically, State Farm argues that Ottallah did not provide any documentation beyond the POL form until January 10, 2008, and that the POL form was submitted past the extended deadline. *Id.* at 2-3. Art. VII(J) provides that:

> J. Requirements in Case of Loss
>
> In case of a flood loss to insured property, you must:
>
> . . . .
>
> 3. Prepare an inventory of damaged personal property, showing the quantity, description, actual cash value, and amount of loss. Attach all bills, receipts and related documents;
>
> 4. Within 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn by you, and which furnishes us with the following information:
>
> a. The date and time of loss;
>
> b. A brief explanation of how the loss happened;
>
> c. Your interest (for example, "owner") and the interest, if any, of others in the damaged property;
>
> d. Details of any other insurance that may cover the loss;
>
> e. Changes in title or occupancy of the insured property during the term of the policy;
>
> f. Specifications of damaged insured buildings and detailed repair estimates;
>
> g. Names of mortgages or anyone else having a lien, charge, or claim against the insured property;

h. Details about who occupied any insured building at the time of loss and for what purpose; and

i. The inventory of damaged personal property described in J.3. above.

44 C.F.R. § 61, app. A(1), art. VII(J) (2006). Ottallah submits that State Farm waived its right to contest the proof of loss requirements because State Farm "acknowledged that it had received plaintiff's proof of loss in its office on August 6, 2006; that it had accepted plaintiff's proof of loss is form; and that it only disputed the amounts claimed by plaintiff for damage to his dwelling and contents." (Rec. Doc. 17, p. 5) (emphasis omitted).

II. SUMMARY JUDGMENT STANDARD

Summary judgement is only proper when the record indicates that there is no "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56. A genuine issue is one on which a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *see also Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001). When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577-578 (5th Cir. 1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d

1459, 1462 (5th Cir. 1995). In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations." *See e.g., Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994); *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 884-85 (1990); *Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649-51 (5th Cir. 1992).

III. ANALYSIS

The NFIP was established by the NFIA, 42 U.S.C. 4001-4129. It is intended to be a unified national program for providing flood insurance. It is underwritten by the United States Treasury and administered by FEMA. *Wright v. Allstate Ins. Co.*, 415 F.3d 348, 386 (5th Cir. 2005). Under its regulatory authority, FEMA developed the SFIP and the WYO program, which authorizes private insurance companies to issue SFIPs. Although the private insurance agencies issue the SFIPs, they act as fiscal, rather than general, agents of the United States. 42 U.S.C. § 4071(a)(1). As stated above, State Farm is a WYO carrier authorized to issue SFIPs under its logo. Although WYO carriers are authorized to arrange for the adjustment, settlement payment and defense of claims arising from SFIPs , they are not able to alter, amend or waive any of the provisions of a SFIP. *See* 42 U.S.C. § 4071; 44 C.F.R. § 61.13(d) (2006).

Strict adherence to the SFIP provisions is a prerequisite to recovery. *See e.g., Forman v. FEMA*, 138 F.3d 543 (5th Cir. 1998); *Gowland v. Aetna*, 143 F.3d 951 (5th Cir. 1998); *Wright*, 415 F.3d at 387-88. Under 44 C.F.R. § 61, app. A(2), art. VII(J)(4), proof of loss must be submitted within sixty (60) days of the loss, unless there was an express and written waiver, as there was here, extending the time to a year from the date of the loss. This proof of loss must meet the certain requirements as delineated above. The issues before this Court are whether the

proof of loss requirements were waived and, if they were not, whether the Plaintiff complied with those provisions.

This Court has found that plaintiffs attempting to recover under these circumstances are required to provide a proof of loss that conforms to all of the requirements found in 44 C.F.R. § 61, App. A(1), within one year of the date of their loss. *Crutcher v. Fidelity Nat. Ins. Co.*, No. 06-5273, 2007 WL 1087595 at *3 (E.D.La. April, 9 2007) (Berrigan, J.). "Because the federal treasury is implicated in the payment of flood claims, the provisions of a SFIP must be strictly construed and enforced." *Eichaker v. Fidelity Nat. Property & Cas, Ins. Co.*, No. 07-4485, 2008 WL 2308959 at *2 (E.D.La June 3, 2008) (Africk, J.) (internal citations omitted). Moreover, a person seeking federal funds, such as a person claiming SFIP benefits, is obligated to familiarize him or herself with the legal requirements for the receipt of such funds. *See Wright*, 415 F.3d at 389 (citing *Heckler v. Cmt. Health Services of Crawford County, Inc.*, 467 U.S. 51, 63 (1984)). Additionally, the provisions governing a SFIP cannot "be altered, varied, or waived other than by the express consent of the [Federal Insurance] Administrator." *Eichaker* at *3 (citing 44 C.F.R. § 61.13(d); *Gowland*, 143 F.3d at 953). "Mere notice of the claim on the proof of loss form is insufficient to satisfy the insured's obligations under the SFIP." *See Sun Ray Village Owners Assoc. v. Old Dominion Ins. Co.*, 546 F. Supp. 2d 1283, 1291 (N.D.Fla. 2008). The insured has a burden to provide the WYO carrier with documentation by which the carrier can verify the POL submitted by the insured. *Id.*

It is clear that Ottallah's POL was deficient when it was submitted to State Farm. There was no verifying documentation provided in conjunction with the POL, and the POL form by itself is insufficient to meet the burden imposed on insureds by the SFIP regulations. Although

Ottallah submitted a flood loss estimate eighteen months after the POL was submitted, and receipts twenty-two months after the POL was submitted, the documentation must be provided at the time the POL is filed with the WYO carrier to be considered sufficient under the statute. *Id.* at 1291-1292.

Ottallah's contention that State Farm waived its right to argue that the POL was deficient because it accepted the POL in form only is not convincing. The regulations are clear that the only entity that may waive the requirements of the NFIA is the Federal Insurance Administrator, and then only by express and written consent. 44 C.F.R. § 61.13(d). There is no evidence that any such written waiver was executed by the Federal Insurance Administrator in this case, thus, State Farm's acceptance of the POL in form only did not effectively waive the POL requirements because State Farm, as a WYO carrier, is not authorized to waive NFIA provisions.

Additionally, the cases that Ottallah puts forth in his memorandum do not support his position that State Farm is estopped from asserting that his initial POL was deficient. As this Court has previously noted, the general rule is that the "failure to meet the proof of loss requirement would completely preclude . . . recovery." *Crutcher*, 2007 WL 1087595 at *5. In *Crutcher*, this Court denied the insurer's motion for summary judgment over concerns about the possibility that FEMA gave the plaintiffs a special waiver of POL requirements. *Id*. *Crutcher* is factually distinguishable because there is no evidence that FEMA granted a special POL waiver in this matter.

Ottallah also relies on *Provenza v. State Farm Fire & Casualty Ins. Co.*, though again, that case is distinguishable from the matter *sub judice*. Civil Action No. 06-7319, 2007 WL 1655567 (E.D.La. June 6, 2007). In *Provenza*, the court denied an insurer's motion for summary

judgment because the insured agreed with the WYO carrier's initial loss determination.[3] In that case the insured agreed with the adjuster's findings and, as such, did not submit a proof of loss. *Id.* at *3-4. Subsequently, the insurer shelved the claim because of questions about a lack of documentation for prior repairs of flood damage at the property and the possibility of "double-dipping." *Id.* When the insured sued for payment of the claim, the WYO carrier argued that the plaintiff had not strictly complied with the POL requirements. *Id.* The *Provenza* court found that Maurstad's waiver letter was ambiguous enough to preclude summary judgment for a claimant who initially agreed with the adjusters report and did not submit a POL, but later brought suit against the insurer. *Id.* Here, Ottallah never agreed with State Farm's adjustment; as a result, *Provenza* is inapposite to this situation.

*Curole v. La. Citizens Prop. Ins. Corp.* is similarly distinguishable from the factual situation before the Court. Civil Action No. 06-8539, 2007 WL 625933 (E.D.La. Feb. 23, 2007). In *Curole*, the insureds had a flood insurance policy purchased directly from FEMA, not a WYO carrier. *Id.* at *3. FEMA submitted a POL that was not signed by the insureds, and when the insureds disputed that loss determination, the insureds submitted their own signed POL form and attached pictures of the damaged property. The court denied FEMA's motion for summary judgment because the court determined that a genuine issue of fact existed as to whether the plaintiffs had complied with the POL requirements because photographs were submitted along with the POL. *Id.* at 4. Unlike *Curole*, Ottallah did not submit any documentation simultaneously with his POL form; therefore, *Curole* is not persuasive here.

---

[3] Under Maurstad's letter of August 31, 2005, insured parties who agreed with their WYO carrier's loss determination did not have to submit a POL.

Finally, the Court notes the Fifth Circuit's view on estoppel as it relates to SFIPs: "there can be no estoppel of the Proof of Loss requirement, for we cannot estop "the conditions defined by Congress for charging the public treasury." *Forman v. FEMA*, 138 F.3d 534, 546 (5th Cir. 1998) (*citing OPM v. Richmond*, 496 U.S. 414, 420 (1990)); *see also Richardson v. American Bankers Ins. Co.*, No. 07-30271, 2008 U.S. App. LEXIS 4358 (5th Cir. Feb. 27, 2008) ("the doctrine of equitable estoppel is unavailable against a WYO carrier asserting a POL defense") (internal quotations and citations omitted).

The Court does not turn to the date on which State Farm accepted the POL, and whether or not it was submitted in a timely fashion, because the Court finds that the POL was deficient at the time it was initially submitted. Even assuming *arguendo* that the POL was submitted on time and accepted by State Farm 'in form only,' when "review[ing] the facts drawing all inferences most favorable to the party opposing the motion," there is still no genuine issue of material fact as to whether Ottallah's POL was in compliance with the statutory requirements of the NFIP. *Reid*, 784 F.2d at 577-578. Indeed, it is clear from the record that the POL was not submitted in conjunction with any documentation, such that the Court could find a genuine factual dispute that would preclude summary judgment. 44 C.F.R. § 61, app. A(1), art. VII(J) (2006). Strict adherence to the SFIP provisions is a prerequisite to recovery. *Wright*, 415 F.3d at 387-88. Thus, Ottallah is barred from recovering funds under the NFIP. The Court does not turn to the arguments surrounding Ottallah's request for attorney's fees under the EAJA because the Court finds that summary judgment in favor of State Farm is appropriate.

IV. CONCLUSION

IT IS ORDERED that State Farm's Motion for Summary Judgment is GRANTED. (Rec.

Doc. 16). Judgment shall be entered accordingly.

New Orleans, Louisiana, this 31st day of July, 2008.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE